UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-418-FDW-DSC

| JOANN JAMES, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| RONALD TANKAMNERD, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

I. **BACKGROUND**

Pro se Plaintiff JoAnn James filed the instant action on July 14, 2017. Plaintiff is no stranger to the Court, having filed two other actions this year addressing the same matter. A brief litigation history provides a helpful context for screening instant case.

On April 4, 2017, Plaintiff filed in case number 3:17-cv-223-RJC-DSC a complaint against Bank of America CEO Brian Moynihan for the return of mortgage payments she allegedly made on her deceased mother's house. She also named as a Defendant the Department of Social Services in Rockingham County, North Carolina. The Court dismissed the case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on May 2, 2017, because Plaintiff had not alleged any facts linking the loss of the house to the conduct of Defendant Moynihan or, more broadly, Bank of America, failed to make any allegations against the Department of Social Services in Rockingham County, North Carolina, and did not alleged facts linking the loss of the house to the conduct of

1

that department, or anyone in it.

Plaintiff filed a second action on June 19, 2017, case number 3:17-cv-334-MOC-DSC, against Bank of America Financial Specialist Ronald Tankamnerd, demanding that the Court compel Bank of America to refund to her mortgage payments she made while living in her mother's home, and alleging that the bank had discriminated against her because she is a poor white woman in refusing to refund the payments. The Court dismissed the action on June 23, 2017, as frivolous under 1915(e)(2)(B)(i) and for failure to state a claim under 1915(e)(2)(B)(ii). See (3:17-334 Doc. No. 3). The Court noted that it "knows of no federal or state law that requires a bank to refund mortgage payments, even gratuitous ones made by third parties, based on deterioration of the relationship which engendered those payments by the third party," that Plaintiff's allegation of discrimination added no viability to that claim, and the only possible remedy would be in an action against the bank itself, rather than its employees, over which the Court would lack diversity jurisdiction. (3:17-334 Doc. No. 3, pg. 3).

Plaintiff has now filed this, her third action seeking reimbursement for mortgage payments that she is allegedly paid on her mother's house. She names as Defendants Bank of America Financial Specialist Ronald Tankamnerd, Bank of America CEO Brian Moynihan, and Judge Max O. Cogburn, Jr., the presiding judge in case number 3:17-cv-334. The Complaint packet consists of three largely blank civil complaint forms that are entirely devoid of factual allegations. (Doc. No. 1 at 1) (complaint for negligence based on diversity of citizenship); (Doc. No. 1-1) (complaint for the conversion of property based on diversity of citizenship) ; (Doc. No. 1-2) (third party complaint). Attached to the Complaint forms is an "E-mail" narrative that is identical to one she filed in case number 3:17-cv-223. See (3:17-cv-223 Doc. No. 1, pg. 2). She has also attached a copy of Judge Cogburn's order dismissing case number 3:17-cv-334, on which she has handwritten

2

some notes contesting the Court's conclusions, and stating:

> I'm filing claim to all below!! $40,000.00 for the judge for slander, fraud & obstructing justice against me & my mother who is passed away N.C. 1-25-2016. Also claim form for the $11,000 that was paid for mine & my mothers house on 141 Will Rd. Mayodan, N.C. $990.00 for 2 yrs interest $14, 945.02 on mortgage.

(Doc. No. 1-4 at 20-23).

## II.  STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

The Court will dismiss this action for seeking damages against an immune defendant and for failure to state a claim.

First, Judge Cogburn is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural

errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Second, Plaintiff has failed to state a claim against Defendants Tankamnerd and Moynihan. She has made no factual allegations whatsoever as to either of these individuals. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see FED. R. CIV. P. 8(a)(2) (a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). Her conclusory statement that she experienced financial losses with regards to her mother's home is completely unsupported by factual allegations demonstrating that these losses were attributable to the Defendants' actions. Thus, Plaintiff's allegations in their current form are not sufficient to state a claim against either Defendant Tankamnerd or Defendant Moynihan.

Therefore, the Court will sua sponte dismiss Plaintiff's complaint without prejudice as to Defendants Tankamnerd and Moynihan,[1] and with prejudice as to Judge Cogburn, who is protected by absolute judicial immunity

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim and for seeking damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

---

[1] It appears unlikely that Plaintiff will be able to state a claim against Defendants Tankamnerd and Moynihan for the reasons set forth in the Order of Dismissal in case number 3:17-334.

4

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim and for seeking damages against an immune defendant.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's review.

3. The Clerk is directed to terminate this action.

Signed: July 18, 2017

Frank D. Whitney
Chief United States District Judge

5

Case 3:17-cv-00418-GCM    Document 3    Filed 07/18/17    Page 5 of 5