# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-418-GCM-DSC

| JOANN JAMES, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| RONALD TANKAMNERD, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, (Doc. No. 17).[1]

## I. BACKGROUND

*Pro se* Plaintiff JoAnn James filed the instant action on July 14, 2017. Plaintiff is no stranger to the Court, having filed two other actions this year addressing the same matter. A brief litigation history provides a helpful context for screening instant case.

On April 4, 2017, Plaintiff filed in case number 3:17-cv-223-RJC-DSC a complaint against Bank of America CEO Brian Moynihan for the return of mortgage payments she allegedly made on her deceased mother's house. She also named as a Defendant the Department of Social Services in Rockingham County, North Carolina. The Court dismissed the case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on May 2, 2017, because Plaintiff had not alleged any facts linking the loss of the house to the conduct of Defendant Moynihan or, more broadly, Bank of America, failed to make any allegations against the Department of Social Services in Rockingham County, North Carolina, and did not alleged facts linking the loss of the

---

[1] Plaintiff filed an Amended Complaint on August 22, 2017, (Doc. No. 7), but it has now been superseded by the Second Amended Complaint. See generally Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

1

house to the conduct of that department, or anyone in it.

Plaintiff filed a second action on June 19, 2017, case number 3:17-cv-334-MOC-DSC, against Bank of America Financial Specialist Ronald Tankamnerd, demanding that the Court compel Bank of America to refund to her mortgage payments she made while living in her mother's home, and alleging that the bank had discriminated against her because she is a poor white woman in refusing to refund the payments. The Court dismissed the action on June 23, 2017, as frivolous under 1915(e)(2)(B)(i) and for failure to state a claim under 1915(e)(2)(B)(ii). See (3:17-334 Doc. No. 3). The Court noted that it "knows of no federal or state law that requires a bank to refund mortgage payments, even gratuitous ones made by third parties, based on deterioration of the relationship which engendered those payments by the third party," that Plaintiff's allegation of discrimination added no viability to that claim, and the only possible remedy would be in an action against the bank itself, rather than its employees, over which the Court would lack diversity jurisdiction. (3:17-334 Doc. No. 3, pg. 3).

Plaintiff filed this, her third action seeking reimbursement for mortgage payments that she allegedly paid on her mother's house. The Complaint was dismissed on initial review on July 18, 2017 for failure to state a claim upon which relief can be granted and for seeking damages against an immune defendant. (Doc. No. 3).

Plaintiff's Second Amended Complaint is now before the Court for initial review. Plaintiff names as Defendants Bank of America CEO Brian Moynihan and Bank of America Financial Specialist Ronald Tankamnerd. Plaintiff alleges that her mother left Plaintiff her home in her will but that Bank of America took the home through fraud. Plaintiff appears to allege that she and her mother were thrown out of the house. Plaintiff was injured and her mother, who was taken to a nursing home, only lived for 10 months without Plaintiff. Plaintiff asks that the home

be returned to her or for $14,945.02 in damages.

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Second Amended Complaint fails to state a claim for the same reasons that the original Complaint was deficient. Plaintiff has made no factual allegations whatsoever as to either Tankmnerd or Moynihan beyond the conclusory allegation that they took her home through mortgage fraud. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see Fed. R. Civ. P. 8(a)(2) (a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). Her conclusory statement that she experienced financial losses with regards to her mother's home is completely unsupported by factual allegations demonstrating that these losses were attributable to the Defendants. Thus, Plaintiff's

allegations are not sufficient to state a claim against either Defendant Tankamnerd or Defendant Moynihan. Therefore, the Court will dismiss Plaintiff's Second Amended Complaint.

Plaintiff has indicates that she is "not going to stop" making filings before the Court until she receives the relief she requests. (Doc. No. 17 at 5). Plaintiff is cautioned that, if she continues to make frivolous or duplicative *pro se* filings, the Court may impose sanctions. See generally Fed. R. Civ. P. 11; 28 U.S.C. § 1651.

## IV. CONCLUSION

For the reasons stated herein, the Second Amended Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Second Amended Complaint, (Doc. No. 17), is **DISMISSED** for failure to state a claim.

2. Plaintiff is cautioned that frivolous or duplicative *pro se* filings may result in the imposition of sanctions.

3. The Clerk is directed to terminate this action.

Signed: April 1, 2019

Graham C. Mullen
United States District Judge